Filed 8/6/24  P. v. Bolden CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY BOLDEN,<br><br>    Defendant and Appellant. | D081960<br><br><br>(Super. Ct. Nos. SCD279768,<br>SCD287749 ) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Request for judicial notice granted.  Affirmed.

Michelle Rogers and Barbara A. Smith, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


We independently review the record in this case consistent with our obligations under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Finding no arguable issues, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves three cases against defendant Anthony Bolden, culminating in a single stipulated sentence. Bolden filed notices of appeal in the first two cases, but not in the third.

In the first case (SCD279768; Case 1), Bolden was arrested in December 2018 after police approached his parked vehicle to issue a citation. After conducting a records check, which showed an active parole warrant for Bolden's arrest, they searched Bolden and the vehicle, uncovering bags of a suspected controlled substance and scales. The People charged Bolden with possession of methamphetamine for sale (Health & Safety Code,[1] § 11378); two prison prior terms (Pen. Code, §§ 667.5, subd. (b)), 668; and a prior strike conviction for a 2013 offense (*id.,* §§ 667, subds. (b)–(i), 1170.12, subd. (a)). In January 2020, Bolden pleaded guilty to the possession for sale count and admitted one strike prior. Prior to sentencing, Bolden was released from custody in April 2020 due to the COVID-19 pandemic with an order to appear for sentencing in August 2020. In August 2020, his sentencing hearing was continued. Bolden failed to appear at the April 7, 2021, continued sentencing hearing.

Meanwhile, Bolden's second case (SCD287749; Case 2) arose in October 2020 when police officers pulled Bolden over for a routine traffic stop, discovered he had an outstanding felony warrant, and found suspected controlled substances in his possession after a search. The People charged Bolden with transportation for sale of a cocaine base (§ 11352, subd. (a)), possession for sale of cocaine base (§ 11351), transportation for sale of methamphetamine (§ 11379, subd. (a)), possession for sale of

---

[1]     Further undesignated statutory references are to the Health and Safety Code.

methamphetamine (§ 11378); possession of heroin (§ 11350, subd. (a)); and giving false information to a peace officer (Pen. Code, § 148.9, subd. (a)). The information further alleged a strike prior for the 2013 offense. In February 2021, Bolden pleaded guilty to transportation for sale of a controlled substance, possession of a controlled substance and admitted the strike prior conviction.

In the third case (SCD289986; Case 3), in May 2021, the People charged Bolden with violations of Health and Safety Code sections 11370.l, subdivision (a), 11378, and Penal Code sections 29800, subdivision (a)(l), 30305, subdivision (a)(l), 69, 148, subdivision (a)(l), and 148.9, subdivision (a). Bolden ultimately pleaded guilty to these charges with the understanding that the combined sentence on all three cases would not exceed eight years, eight months.

On July 12, 2021, the trial court held a *Marsden*[2] hearing. Bolden argued his attorney was incorrect in believing he was on parole, and thus properly subject to a Fourth Amendment waiver, at the time of the 2018 search leading to his arrest in Case 1.[3] The court denied the *Marsden* motion.

In the following months, after Bolden refused to appear in court on multiple occasions, defense counsel declared a doubt as to his competency on August 5, 2021. Criminal proceedings were reinstated on October 7, 2021.

---

[2]   See *People v. Marsden* (1970) 2 Cal.3d 118.

[3]   Although the transcript lists the numbers of Cases 1 and 2, it appears the *Marsden* motion was related to his representation in Case 3, which is not part of this appeal.

3

Shortly thereafter, Bolden signed a *Faretta/Lopez*[4] waiver in order to represent himself in Cases 1 and 2. He then moved to withdraw his guilty pleas and to suppress evidence in those cases. The basis for these motions was Bolden's continuing belief that, at the time of his arrest leading to the December 2018 charge, he was not on parole after release following his term of imprisonment for the 2013 offense in part because he refused to sign the terms and conditions of parole.

In February 2022, the court denied Bolden's motion to withdraw his guilty pleas in Cases 1 and 2. Later that year, in Cases 1 and 2, the court denied petitions for writ of habeas corpus filed by Bolden based on claims related to his parole.

On February 14, 2023, consistent with his plea bargain in Case 3, the court sentenced Bolden to a total of eight years in prison for the three cases, including four years in Case 1 (the middle term of two years for the § 11378, doubled for the strike); a consecutive term of two years in Case 2 (one-third middle term for the violation of § 11379, subdivision (a), doubled for the strike), and a consecutive term of two years in Case 3 (one-third of the middle term for the violation of § 11370.l, subd. (a); one-third of the middle term for resisting an officer under Penal Code, § 69, to run concurrently; the remaining counts stayed under Pen. Code, § 654; strike stricken).[5]

---

[4] See generally *Faretta v. California* (1975) 422 U.S. 806 and *People v. Lopez* (1977) 71 Cal.App.3d 568.

[5] Bolden requests that we take judicial notice of his sentencing memorandum from Case 3. We grant that request as the proper subject of judicial notice under Evidence Code, section 452, subdivision (d), and relevant to the appeals here. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 726.) The sentencing memorandum was explicitly referenced as the basis for Bolden's sentences in the matters on appeal.

Following sentencing, Bolden filed notices of appeal and requested certificates of probable cause in Cases 1 and 2, seeking to challenge the validity of his plea on constitutional and jurisdictional grounds. The court denied his requests for certificates of probable cause.

## DISCUSSION

Appellate counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436 indicating she identified no reasonably arguable issue for reversal on appeal. She asks this court to review the record as mandated by *Wende*. We offered Bolden the opportunity to file a supplemental brief on his own behalf. He has not responded.

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues. To the extent Bolden sought to challenge the validity of his plea, he was required to obtain a certificate of probable cause. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896; *In re Brown* (1973) 9 Cal.3d 679, 682–683.) If he believed a certificate was improperly denied by the trial court, his only remedy was to file a petition for writ of mandate. (*Brown,* at p. 683.) None was filed here.

Competent counsel represented Bolden on this appeal.

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:


IRION, Acting P. J.


KELETY, J.

5